OPINION of the court, by
Ch. J. Boyle.
Rankin exhibited his bill in chancery, against Johnson and the °f Lexington, to obtain a conveyance of an out lot. He alleges, that Johnson was the original proprietor of the lot, and sold it to William Henderson, but l{lat instrument evidencing the sale has been lost or destroyed ; that Henderson, wh@ has since departed this life, sold and executed his bond for the conveyance to James Wallace, who in like manner sold and gave a bond for the conveyance to Rankin, the complainant. Neither Henderson’s heirs, nor Wallace, are made par-*’es t0 su't. The trustees answered that they were willing to convey to whomsoever the right belonged.
Johnson in his answer, admits he was the original proprietor, but denies he ever sold to Henderson, and controverts the right of the complainant.
©n a final hearing, the court below decreed a conveyance to be made to the complainant; to reverse which Johnson prosecutes this writ of error.
The first question necessary to be decided is, whether Henderson’s heirs, or Wallace, ought to have bees made parties.
*185 It is a general rule, that all persons materially interested ought to be made parties to a suit in chancery, however numerous they may be. The object of this rule is to enable the court to do complete justice by deciding upon, and settling the rights of all persons interested in the- subject of the controversy, that future litigation may be prevented, and the performance of the decree made perfectly safe to those who are bound m obey it — Barton’s Equity 31, Milford’s Pleadings 14
Both Henderson’s heirs and Wallace evidently had an interest in the subject of the present controversy, and whether they have parted with their interest cannot, unless they were parties to the suit, be decided so as to bind them and thereby prevent further litigation.
Thus for example, if the instrument evidencing the sale from Johnson, should be produced by Henderson’s heirs, and suit should be brought by them against J ohn-son, the decree in the present case would be no bar to a recovery in such suit. Nor could Johnson avail himself of the evidence in this cause, of the derivation of the complainant’s tide from Henderson, and thus shew that his heirs had no right to a recovery ; but he would in such suit be driven to resort to original proof; which from time and accident he might be unable to obtain. So if Wallace should sue the heirs of Henderson upon their ancestor’s bond for the conveyance of the lot, the decree and proof taken in this cause, to which neither of them is a party, would be equally an inadmissible defence.
B it it was urged that the want of proper parties could he taken advantage of on demurrer only, and was no ground for reversing a decree upon the merits. It is much to be regretted, that objections of this sort were : hot always taken at an earlier stage of the cause, but :⅜⅛ cannot on that account say that they shall be unavailing in this court, even though the merits of the cause should appear to be correctly décided.
It is expressly laid down in Hinde’s Chancery Practice,; page 2, that “ if upon the face of the bill, it appears that any whose right or interest are concerned, or who ought to have been, are not made parties, the defendant may demur to such bill, or if he'does not yet the coutt upon hearifig will not for want of them proceed to deride ; or if it does ¿the decree may be. reversed, or *186 if not reversed, yet none but such as were parties to ths suit and those claiming under them, c3n be bound by the decree.”
This authority is full and explicit with respect to the question under consideration, and is perfectly consis* tent with Mitferd’s Pleadings, page 144, and 1 Harrison’s Chancery Practice 76, which were cited and relied apon in the argument. These authorities only shew that the want of proper parties is a cause of demurrer, and not that it is no ground for reversing the decree.
We therefore feel ourselves constrained, though reluctantly, to sustain the objection and on that ground to reverse the decree of the court below.*
Wherefore it is decreed and ordered, that the decree of the circuit court be set aside and reversed, and that the cause be remanded to said court for new proceedings to be had therein not inconsistent with the foregoing opinion, &c.

 The same points were decided in Edwards ms. Morris, and other?, at this and tra M'Inib'i n& October xS15.
in Edwards ⅞»„ Morns, the court say that necessary to yardes* may be either ccnspiauuutb or defendants as the ea/e may require.,¾